IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MATTHEW GIBLIN, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | NO. 1:25-CV-00553-MJT-ZJH |
| STATE OF TEXAS, ACTING THROUGH JEFFERSON COUNTY IN CAUSE NO. 24CCCV0060; TYLER COUNTY, IN CAUSE NO. 14,143; JOHN MYATT, MARY WHITNEY, SCOTT RENICK, | § § § § § § § § | JUDGE MICHAEL TRUNCALE |
| *Defendants*. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 18, 2025, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pre-trial management. Pending before the Court is *pro se* Plaintiff Matthew Giblin's *Petition for Writ of Habeas Corpus*. Dkt. 1. On December 9, 2025, Judge Hawthorn issued a *Report and Recommendation* [Dkt. 14], which recommended dismissing this case because Giblin is not in custody.

On December 15, 2025, Giblin filed his *Objections* [Dkt. 15] to Judge Hawthorn's *Report and Recommendation* [Dkt. 14], along with an *Amended Petition for Writ of Habeas Corpus* [Dkt. 16] against Defendants State of Texas, Tyler County, John Myatt, Mary Whitney, and Scott Renick. On December 18, 2025, Giblin filed a *Supplemental Limited Objection* [Dkt. 17], and an *Affidavit of Clarification Regarding Procedural Posture, Preclusion Doctrines, and Good-Faith Pro Se Understanding* [Dkt. 18].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The court has reviewed Judge Hawthorn's *Report and Recommendation* [Dkt. 14] and has considered Giblin's *Objections* [Dkt. 15]. The court holds that Judge Hawthorn's findings and conclusions of law are correct, and that Giblin's objections are without merit.

It is therefore ORDERED that Giblin's *Objections* [Dkt. 15] are OVERRULED. It is further ORDERED that Judge Hawthorn's *Report and Recommendation* [Dkt. 14] is ADOPTED.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his grounds for review are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented

are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

The court will enter a Final Judgment separately.

**SIGNED this 22nd day of December, 2025.**

*[signature: Michael J. Truncale]*

Michael J. Truncale
United States District Judge